## THE KAIAN MARU.

(District Court, D. Oregon.   July 9, 1924.)

No. 8935.

**Admiralty ⬅➡21—Without jurisdiction of action for death which occurred on land.**

An action under Or. L. § 380, which is construed by the Supreme Court of the state to give a right of action for death, and not on a surviving cause of action for injury, is not within the jurisdiction of a court of admiralty, where the death occurred on land, though the injury causing it was received on the water.

In Admiralty.   Suit by E. Munson, executor of the will of Oscar Hallengren, deceased, against the steamship Kaian Maru (the Katsuda Steamship Company, claimant) and C. R. Jones.   Cause dismissed for want of jurisdiction.

Wm. P. Lord, of Portland, Or., for libelant.

McCamant & Thompson, of Portland, Or., for defendant.

BEAN, District Judge.   The case of Munson, executor of the estate of Hallengren, deceased, against the Kaian Maru and C. R. Jones, doing business under the firm name and style of Jones & Co., was submitted a few months ago and has been awaiting brief of the libelant.   The brief has not been filed and I feel the court would not be justified in holding the case up any longer.   It appears from the record that, while Hallengren was employed as a stevedore by Jones, and while stowing cargo in the hold of the ship, he received an injury from which he subsequently died.   After the injury he was removed to a hospital, and lived three or four days.   His executor brings a libel against the ship and against Jones & Co. to recover damages for his death.

The action is brought under section 380 of the Oregon statute, which has been construed by the Supreme Court of this state to be a death and not a survival statute.   In other words, the original injury does not survive to the executor.   The action authorized by the statute is for a death, to recover the damages resulting to an estate, and therefore, as the cause of action upon which this suit is based arose on land, and not on water, the authorities seem to be that an admiralty court has no jurisdiction.   In cases where the cause of action by statute survives, an admiralty court would, under those circumstances, have jurisdiction, because, if an injury occurs on water and is aggravated by subsequent acts on land, it does not deprive the admiralty court of jurisdiction over the case; but where the cause of action arises

on land an admiralty court has no jurisdiction.   In this case the cause of action did arise on land, because it is for the death of the decedent, and not for the injury that he received aboard the boat.   I conclude, therefore, that an admiralty court is without jurisdiction.

I reach this conclusion with less reluctance than I might in some other cases, from the fact that it appears from the record that Jones has already paid the executor in this case $2,000 for this injury, and in an affidavit filed by the executor it is stated that Hallengren was 49 years old at the time of his death, and he did not leave an estate sufficient to pay his burial expenses.   The executor was permitted to maintain this suit after filing a pauper's oath.   The measure of damages in this class of cases would be the loss to the estate of the deceased by reason of his death, and if this man had lived 49 years, and had not accumulated enough property to pay his burial expenses, it would seem that perhaps $2,000 was a fair compensation for his injury.   So that I reach the conclusion that the admiralty court is without jurisdiction as against the ship with less reluctance then I might under some other circumstances, because it seems that he has been quite sufficiently compensated.